[No. 18293.    Department One.    April 24, 1924.]

## C. F. Allen, *Respondent*, v. Otto Nelson *et al., Appellants.*[1]

Malicious Prosecution (15) — Probable Cause — Malice — Evidence—Sufficiency. In an action for malicious prosecution against owners of cattle for charging a herder with the larceny of a steer, the question of malice and want of probable cause is for the jury where defendants, in making complaint, failed to disclose the fact that plaintiff had a contract with them whereby he was to bring in all strays encountered, and that he had done so, and given notice to them to come in and pick out their stock, and on claim being made to the steer in question, had, after some dispute, turned it over to the party claiming it; since an intentional concealment of the facts would have been evidence of malice.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered January 6, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malicious prosecution. Affirmed.

*W. Lon Johnson,* for appellants.

*Del Cary Smith, W. D. Scott,* and *L. B. Donley,* for respondent.

Tolman, J.—This is an action to recover damages for malicious prosecution. Upon a trial to a jury, a verdict in favor of the plaintiff for $1,000 was returned, and from a judgment thereon, the defendants have appealed.

[1]Reported in 225 Pac. 53.

The appellants are farmers and stock raisers living west of Springdale, Stevens county, on or near what is known as Camas Prairie, or Camas Valley. Respondent lives a few miles beyond in a northwesterly direction, and has been for some years engaged in herding cattle on the large open range lying north and west of Camas Prairie. During the season of 1920, he had in charge a herd of over 300 head of cattle, mostly belonging to outside parties, which he was paid a monthly stipend to care for. For a week or two prior to November 10, 1920, respondent had been gathering up the cattle in his charge from the open range and driving them to the enclosed fields of one Clark, a farmer in the valley and a near neighbor of appellants. On the morning of November 10, the owner of the greater number of the cattle having arrived for the purpose of driving them to Spokane, respondent caused Mrs. Clark to telephone to all of the nearby farmers likely to be interested that the cattle would be assembled in Clark's corral on that morning for the purpose of driving them away, and that they might come immediately and look the herd over for strays belonging to any of them. Appellants Hogarth Nelson and Sever, in response to this notice, went to the Clark corral and spent some half hour examining the herd. They found no strays except one red heifer claimed by Sever and previously known to be with the herd, which had been separated and placed in the barn and was afterwards taken by Sever.

After the examination, and after Nelson and Sever had announced that they were satisfied, the cattle were allowed to pass from the corral to the road, and were counted out by respondent and another, both claiming to get a correct tally. As the head of the herd went down the road, it passed around a rocky point out of sight from the corral. After completing the count at

the gate, respondent rode across the rocky point to intercept the head of the herd, and there met, first, appellant Miller, and a moment later met appellant Otto Nelson, who were on their way to inspect the cattle in the corral, but had not arrived in time. The latter claimed to have recognized a black steer near the head of the herd as belonging to him, and after some controversy, more or less acrimonious, about which the parties differ, he, assisted by Miller and respondent, cut out and took away the steer, and the herd proceeded towards Springdale and Spokane. The language and conduct of respondent at this time, according to appellants' testimony, was such as to lend support to their belief that he intended to steal and drive away the steer, but it was for the jury to draw its own conclusion therefrom.

After some discussion among the appellants, which immediately followed this occurrence, by agreement of all of the appellants, Miller and the two Nelsons went to Springdale, related their version of the facts to a justice of the peace, who called the prosecutor's office at the county seat by telephone, repeated what had been given him as the facts, and on the advice of the deputy prosecuting attorney, and upon a complaint being verified by appellant Otto Nelson, issued a warrant for respondent's arrest. Respondent waived a preliminary hearing. In due course, the prosecuting attorney filed an information in the superior court charging grand larceny, and respondent was brought to trial thereon. After the four appellants in this case had testified as witnesses for the state, the prosecuting attorney, of his own motion, dismissed the action. Other facts will appear as we proceed.

It is first urged that it was error to deny the motion for nonsuit or a directed verdict on behalf of all of the appellants at the close of plaintiff's case, and again at

the close of all of the testimony; and also like motions as to each one of the three appellants who did not verify the complaint on which the criminal action was founded. These motions are all based upon the claim that probable cause was shown beyond any conflict, and that there was no showing from which the jury might infer malice. We cannot hold that any of these motions was well taken. On the question of probable cause, there was evidence, in addition to the facts hereinbefore set out, from which the jury might properly find that there was a common custom in that neighborhood that each stock owner, in bringing in his stock from the range at the end of the grazing season, should also bring in all stock encountered by him belonging to others, and that an express agreement to that effect between respondent and appellant Otto Nelson then existed is fully and frankly admitted on both sides. Also the jury might have found that the existence of this agreement, the telephoning to the neighbors to come and examine the herd before it was driven away, for the purpose of identifying and taking possession of any cattle found therein belonging to them, and perhaps also that the herd was so examined by two of the appellants, were facts not disclosed to the justice of the peace or to the prosecuting attorney before the issuance of the warrant.

While we think that the failure to disclose these facts was not with the intention to mislead the officers, or to injure respondent, still the jury was entitled to put its own construction upon this failure to disclose. If these things were intentionally concealed, that would be evidence of malice; but whether so or not, there was abundant evidence of threats made by each of the appellants (denied by them, it is true), as to their finding means to stop respondent from bringing in and pasturing outside stock on the range, which they re-

garded as peculiarly the perquisite of the immediately adjacent stock owners, to justify the reasonable inference of malice. We are clear the case was one for the jury.

Error is also assigned on the giving of certain instructions, but is not seriously argued. In any event, we have examined the instructions complained of and find them to be correct statements of the law applicable, and proper to be given.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.